FILED
STATE OF ALASKA
06 SEP 19 PM 4: 19
BY
DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

PATRICIA A. CLABAUGH )
)
    Plaintiff, )
)
  v. )
)
SAFECO INSURANCE COMPANY )
OF ILLINOIS )
) 1JU-06- 977 CI
    Defendants. )

## COMPLAINT

Plaintiff alleges for her Complaint as follows:

### Parties

1. Plaintiff Patricia Clabaugh, during all times relevant, was a resident of the City and Borough of Juneau, Alaska.

2. Upon information and belief, defendant Safeco Insurance Company of Illinois, NAIC # 39012 ("Safeco"), is a corporation organized and domiciled in Hoffman Estates, Illinois, and is licensed and authorized to conduct business as an insurer in Alaska. Safeco issued policy # H1800049, a standard form policy of insurance to plaintiff. At all times relevant hereto standard form policy # H1800049 was in full force and effect.

3. Upon information and belief, defendant Mark Pelletier is a Senior Claims Examiner at the Redmond, Washington office of Safeco Insurance Company of Illinois.

### Jurisdiction and Venue

4. The Superior Court has jurisdiction over this matter pursuant to AS 22.10.020.

COMPLAINT
Clabaugh v. Safeco Insurance Co., No. 1JU-06- 977 CI
tmh/3877.01/COMPLAINT
Page 1 of 6

Case 1:06-cv-00010-JWS Document 7-2 Filed 10/18/06 Page 1 of 6

Exhibit A
Page 1 of 6 Pages

DILLON & FINDLEY
A PROFESSIONAL CORPORATION
THE EBNER BUILDING
350 NORTH FRANKLIN STREET
JUNEAU, ALASKA 99801
(907) 586-4000

5. Venue is proper in the First Judicial District at Juneau.

### Common Allegations

6. Plaintiff realleges Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7. On October 18, 2003, plaintiff was involved in a motor-vehicle collision with Robert Swanson and was seriously injured.

8. The crash was caused by the negligence of Robert Swanson, and at the time of the crash, Mr. Swanson was covered by an automobile liability policy of insurance issued by Geico Insurance company in the amount of $50,000.00 per person.

9. At the time of the accident, plaintiff was an insured under an automobile insurance policy (Policy # H1800049) issued by Safeco Insurance Company of Illinois, in the amount of $100,000.00 per person and $300,000.00 per accident. The policy also afforded uninsured and underinsured (UM/UIM) motorist coverage to plaintiff in the amount of $100,000.00 per person and $300,000.00 per accident.

10. Plaintiff settled the underlying liability claim against Geico for the policy limits of $50,000.00 in November of 2005, with the consent and knowledge of Safeco.

11. Plaintiff's damages exceed Mr. Swanson's policy limits.

12. Plaintiff exhausted all underlying liability coverage and, under the terms of the UM/UIM section of her policy with Safeco, qualified for coverage.

13. Plaintiff, on November 21, 2005, forwarded a UM/UIM policy limits offer to Elizabeth Connor of Safeco.

COMPLAINT
Clabaugh v. Safeco, et al., Case No. 1JU-06-___ CI
tmh/3877.01/COMPLAINT
Page 2 of 6

Case 1:06-cv-00010-JWS   Document 7-2   Filed 10/18/06   Page 2 of 6

Exhibit A
Page 2 of 6 Pages

14. Mark Pelletier, a Senior Claims Examiner with Safeco, made a counter-offer seven months later, in June of 2006, for $2,000.00.

15. The offer of $2,000.00 was rejected by plaintiff. No further settlement efforts were attempted by Safeco.

16. Plaintiff forwarded a letter on June 19, 2006, to Mr. Pelletier demanding arbitration.

17. Safeco did not respond. On July 17, 2006, plaintiff sent a second request demanding arbitration.

18. Safeco did not respond. In August of 2006, attorney Laura Ekes, of Richmond & Quinn, informed plaintiff the demand for arbitration was rejected and to file suit.

## COUNT 1

## BREACH OF CONTRACT

19. Plaintiff realleges all prior paragraphs as if fully rewritten herein.

20. The UM/UIM portion of plaintiff's Safeco insurance policy covers "loss from bodily injury sustained by an insured and caused by an accident if the Declarations indicates that UM/UIM Motorist Coverage Bodily Injury applies".

21. The UM/UIM portion of plaintiff's Safeo insurance policy also covers loss if "the limits of liability under any applicable bodily injury bonds or policies have been exhausted by payment of judgments or settlements." The limits of liability under the applicable bodily injury policy of the liable driver, Robert Swanson, have been exhausted by payment of settlement.

COMPLAINT
Clabaugh Safeco 3877
tmh/3877.01/COMPLAINT
Exhibit A
Page 3 of 6
Page 3 of 6 Pages

22. Safeco has breached the contract of insurance by willfully refusing to provide benefits in accordance with their UM/UIM policy terms of coverage.

23. Safeco has breached the contract of insurance by willfully refusing to provide benefits and coverage in accordance with its policy and applicable Alaska law.

24. Safeco has failed to properly and promptly undertake efforts to fairly investigate and settle plaintiffs UM/UIM claim, resulting in costly litigation to pursue settlement of her loss.

25. As a result of Safeco's refusal and failure to properly provide benefits and coverage of the loss, plaintiff has suffered damage.

## COUNT II

## BAD FAITH PRACTICES

26. Plaintiff realleges all prior paragraphs as though fully rewritten herein.

27. Safeco has a duty to act in good faith in its performance of the insurance contract with the plaintiff under the covenant of good faith and fair dealing inherent to all contracts.

28. Safeco breached its duty of good faith and fair dealing by failing to properly reimburse insured and otherwise failing to fairly and reasonably settle plaintiff's personal injury UIM claim in accordance with Alaska law including, but not limited to, AS 21.36.125 et seq. Examples include, but are not limited to:

(A) Using the high cost of litigation, which may exceed the value of the claim, as leverage in coercing a legitimate first party claimant to accept a settlement that does not adequately compensate her for damages.

COMPLAINT
Clabaugh v. Safeco Pellet 1:06-cv-00010-JWS
tmh/3877.01/COMPLAINT
Exhibit A
Page 4 of 6
Page ___4___ of ___6___ Pages
Case 1:06-cv-00010-JWS   Document 7-2   Filed 10/18/06   Page 4 of 6

(B) Lack of skillful evaluation and thorough investigation of plaintiff's injuries. Refusal to pay the UIM claim, without a reasonable investigation of all of the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement.

(C) Refusal to make a reasonable settlement offer and a flat refusal to negotiate for the purpose of financial gain and profit for defendant Safeco, who have put their financial interests before those of its insured.

29. Safeco's acts and omissions in deliberately refusing to properly reimburse insured plaintiff, refusing to make a reasonable settlement offer, and refusing to thoroughly investigate and evaluate the plaintiff's claims; all forcing their insured into costly litigation, are in willful, wanton and in conscious disregard of its duty to pay plaintiff's insurance claim and is conduct so outrageous as to support an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court award as follows:

A. Compensatory damages in excess of $50,000.00, the exact amount to be proven at trial;

B. Prejudgment and post-judgment interest;

C. Attorney fees and costs in prosecuting this case;

D. Punitive damages as determined by a jury; and

E. Such other and further relief as it deems just and proper.

COMPLAINT
Claba... Safeco
tmh/3877.01/COMPLAINT
Page 5 of 6
Case 1:06-cv-00010-JWS  Document 7-2  Filed 10/18/06  Page 5 of 6
Page 5 of 6 Pages

RESPECTFULLY SUBMITTED this 19th day of September, 2006 at Juneau, Alaska.

DILLON & FINDLEY, P.C.

By: /s/ Paul L. Dillon
Paul L. Dillon
Alaska Bar # 8006014

THIS CASE FORMALLY ASSIGNED TO
**JUDGE PATRICIA COLLINS**
BY ORDER OF THE PRESIDING JUDGE